UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CARLOS DRAYDEN                                        CIVIL ACTION

VERSUS                                                NO. 11-1505

LOUISIANA WORKFORCE AND STAFF, ET AL                  SECTION: A(4)

ORDER

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 29)** filed by Defendants Louisiana Workforce, LLC, Captain Michael Leone, Sergeant Rodney Martin, Sergeant Corey Ewing, and Sergeant Jacob Lirette, who, pursuant to Rule 56 of the Federal Rules of Civil Procedure, move this Court for summary judgment in favor of Defendants and against Plaintiff Carlos Drayden. Plaintiff opposes the motion **(Rec. Doc. 30)**. The motion, set for hearing on June 20, 2012, is before the Court on the briefs without oral argument. For the following reasons, the motion is **GRANTED**.

I.  BACKGROUND

Plaintiff Carlos Drayden is an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("Department") who is currently incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. Starting in May 2010, he was housed at the Terrebonne Parish Work Release Facility ("Terrebonne Facility"). Defendant Louisiana Workforce, LLC operates the Terrebonne Parish Work Release Program and employed Defendants Captain Leone, Sergeant Martin, Sergeant Ewing and Sergeant Lirette as corrections officers at the time of the incident forming the basis of this litigation.

Upon arriving at the Terrebonne Facility in May 2010, Plaintiff began participating in the

1

Offender Transitional Work Program. According to the affidavit of James Felder, the Regional Warden of Louisiana Workforce, LLC, Plaintiff was provided copies of the Department's Disciplinary Rules and Procedures for Adult Inmates and the Louisiana Workforce LLC's Resident Handbook. Felder Affidavit, ¶ IV. According to Warden Felder, these materials state that Plaintiff remained bound by all Department rules and regulations, including the submission of inmate grievances through the administrative remedy process established by the Department. Id., ¶ V.

Plaintiff alleges that, on May 28, 2011, Defendants exerted excessive force upon him in violation of his rights under the Eighth Amendment to the United States Constitution. According to Plaintiff's complaint: "...Captain Micheal Leone [sic] stayed on the other side of the door and watched [Sergeant Martin, Sergeant Ewing and Sergeant Lirette ] beat and physically attack me by punching, kneeing, [and] twisting my arms..[Lirette] put a choke hold on me, before slamming me to the ground on my right shoulder, with excessive force...."[1] Complaint, p. 4. Plaintiff alleges that he was not allowed to see a doctor for three days following the May 28 incident, at which time he was transferred to Tensas Detention Center in Waterproof, Louisiana. Id. Plaintiff states that he was treated by the doctor on staff at Tensas, where he received pain medication. Complaint, pp. 4-5. He filed the instant suit pursuant to 42 U.S.C. § 1983 on June 28, 2011.

Defendants dispute Plaintiff's allegations of excessive force, and have filed the instant

---

[1] Defendants do not dispute that Plaintiff was involved in a "scuffle" with corrections officers at the Terrebonne Facility on May 28, 2011. However, all of the officers involved deny that any excessive force was exerted upon Plaintiff during this incident. Felder Affidavit, ¶ V.

Motion for Summary Judgment alleging that Plaintiff has failed to exhaust the available administrative remedies prior to filing suit. According to Defendants, Plaintiff has never submitted a request for administrative remedy regarding this incident, as required by La.Adm.Code 22:I:325(B). In his opposition, Plaintiff asserts that he did file an administrative remedy request while at the "Terrebonne Parish Criminal Justice Complex in Houma, LA..." on or around May 29 - June 1, 2011. Plaintiff Opp., p. 1. Having considered the record and applicable case law, the Court finds that dismissal is appropriate.

## II. STANDARD OF REVIEW

The principal purpose of Rule 56 of the Federal Rules of Civil Procedure is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In reviewing a motion for summary judgment, the court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the

nonmovant.  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Summary judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  Id. at 322–23.

The court has no duty to search the record for evidence to support a party's opposition to summary judgment.  Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998).  "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim."  Id. Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment.  Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996). "[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."  Little v. Liquid Air Corp., 37 F.3d 1069, 1075–76 (5th Cir. 1994) (emphasis deleted) (internal quotation marks omitted).

### III.   LAW AND ANALYSIS

The instant motion for summary judgment is based on Defendants' contention that Plaintiff's claims must be dismissed because he failed to exhaust his administrative remedies prior to filing this lawsuit.  Because exhaustion is in fact required by federal law, the court must

consider defendants' contention.

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory in cases covered by § 1997e(a). Porter v. Nussle, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 532 (emphasis added). The Supreme Court has further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). The United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

In accordance with the Department's established Administrative Remedy Procedure ("ARP"), an inmate commences the process by writing a letter to the warden in which he briefly sets out the basis for his claim and the relief sought. La. Admin. Code tit. 22, pt. I § 325(G)(1)(a). The request shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or is rejected. Id. The warden shall respond to the inmate within 40 days from the date the request is received at the first step.

Id.

An inmate who is dissatisfied with the first step response may appeal to the secretary of the Department by so indicating in the appropriate space on the response form and forwarding it to the ARP screening officer within 5 days of receipt of the decision. Id. at § 325(G)(2)(a). A final decision will be made by the secretary and the inmate will be notified within 45 days of receipt. Id. The procedure provides that the process shall not exceed 90 days from the initiation to completion unless an extension has been granted. Id. at § 325(G)(4)(a). Absent an extension of the time limits, expiration of response time limits entitles an inmate to move on to the next step in the process. Id.

Defendants claim that Plaintiff has failed to file any requests for administrative remedy. In his opposition to the motion for summary judgment, Plaintiff states that he submitted an ARP sometime between May 29 and June 1, 2011. Plaintiff has not filed any evidence of this alleged filing; however, even assuming that Plaintiff did file an ARP request between May 29 and June 1, 2011, it could not possibly have been completed through the required two-step procedure by the time the plaintiff filed suit on June 23, 2011, approximately 30 days following the incident.

The summary judgment evidence therefore supports finding that the plaintiff failed to exhaust available administrative remedies regarding his Eighth Amendment claim prior to filing suit, as required by 42 U.S.C. § 1997e(a).

**IV.    CONCLUSION**

For the foregoing reasons, the court finds that Defendants are correct in contending that Plaintiff failed to exhaust his administrative remedies with respect to the claims asserted against them. Their motion for summary judgment will be granted on that basis, and Plaintiff's claims

will be dismissed.

Accordingly,

**IT IS ORDERED** that the motion for summary judgment filed by filed by Defendants Louisiana Workforce, LLC, Captain Michael Leone, Sergeant Rodney Martin, Sergeant Corey Ewing, and Sergeant Jacob Lirette (**Rec. Doc. 29**), is **GRANTED** and the claims against those defendants are **DISMISSED** with prejudice to Plaintiff filing a new civil action *in forma pauperis* based on any claim raised in the complaint.

This 26th of June, 2012.

_____
JAY C. ZAINEY